Counsel for the Government stated that the inspector who measured the merchandise in protest No. 266181–K was no longer in Government service and was not available to testify. His dock book was received in evidence.

Mr. Fray compared the dock books and his invoices and specifications and stated that the former showed an inch or two more than he actually received. He said the inspectors do not take into consideration the rough surface of the merchandise and the holes; that from the viewpoint of a layman their measurements are correct; but that, from his view as a granite man, he is correct.

The rule in this class of cases is that the quantity of merchandise actually imported must be taken as the basis for determining duties, irrespective of the quantity given in the invoice. *Gertzen & Co.* v. *United States*, 12 Ct. Cust. Appls. 499, T. D. 40697. The method of ascertaining such quantity and the quantities found by customs officials are presumed to be correct, and the burden is upon the importer to rebut the presumption by presenting evidence to the contrary. *United States* v. *Hawley & Letzerich*, 15 Ct. Cust. Appls. 107, T. D. 42186; *United States* v. *Gage Bros.*, 1 Ct. Cust. Appls. 439, T. D. 31503; *Gold Hill Food Corporation et al.* v. *United States*, 34 Cust. Ct. 244, C. D. 1711.

In the instant case, plaintiff has produced no testimony showing the actual landed quantities of the merchandise, but relies on the invoiced amounts and on the claim that a granite man would have arrived at different measurements from those found by the Government inspectors, because he would have taken into consideration the holes in the merchandise and its rough surface.

It has been held that granite is dutiable upon the actual cubic quantity imported and that it is presumed that customs officials take the measurements in accordance with the methods prescribed by Government regulations. *F. M. Singer* v. *United States*, 12 Treas. Dec. 235, T. D. 27587; *J. Ruthe* v. *United States*, 13 Treas. Dec. 201, T. D. 27934. In the instant case, Inspector Green testified that he followed the customs regulations; that he found the length, width, and depth by measuring the smoother surfaces; and that the holes were not left out, but "we take a part that we think is right when we measure." Inspector Hopkins testified also that the holes were considered when taking the measurements.

Plaintiff has introduced no evidence other than his statement that a granite man would have arrived at different measurements. The testimony of the Government inspectors indicates that they took into consideration the type of merchandise involved and followed the regulations then in effect. Plaintiff has failed to establish that the method used by the inspectors was improper or was contrary to the regulations and has also failed to show by means of any independent measuring of the merchandise after importation that the landed quantities were other than those found by the inspectors. The commercial invoices and specifications referred to by Mr. Fray were not offered or admitted in evidence and could not establish the landed quantities. *Resolute Paper Products Corp.* v. *United States*, 31 Cust. Ct. 285, Abstract 57595; *Berg, Hedstrom & Co., Inc.* v. *United States*, 33 Cust. Ct. 434, Abstract 58525.

On the record presented, we find that the presumption of correctness attaching to the collector's action has not been overcome. The protests are overruled and judgment will be rendered for the defendant.

**No. 59977.**—F. C. Mackay et al. *v.* United States, protests 151167–K, etc. (Pembina).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiffs was sustained.

**No. 59978.**—F. C. Mackay v. United States, protests 160268–K, etc. (Pembina).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of beef or veal similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

**No. 59979.**—W. F. Mackay Estate v. United States, protests 160269–K, etc. (Pembina).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of beef or veal similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

**No. 59980.**—G. B. Barham Co. and Frank P. Dow Company, Incorporated v. United States, protests 171422–K and 171413–K (Los Angeles).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiffs was sustained.

**No. 59981.**—F. C. Mackay et al. v. United States, protests 171698–K, etc. (Pembina).